### MARTIN *v.* PLATT *et al.*

#### (*Supreme Court, Special Term, New York County.* February, 1891.)

1. NEW TRIAL—WHEN MADE—EXPIRATION OF TIME TO APPEAL.
   A motion for a new trial on the ground that the verdict of the jury was contrary to the evidence, being authorized by Code Civil Proc. N. Y. § 1006, without specification as to the time within which it should be made, may be made after the expiration of the time for an appeal.

2. APPEAL—DECISION—EFFECT ON SECOND HEARING.
   On the trial of a cause, the question whether the demand sued on was barred by limitation was submitted to the judge by the parties, and exceptions to his finding thereon were overruled by the general term. *Held,* that such questions could not be again raised on an application to set aside the verdict of the jury as against the weight of evidence, where no question as to the statute of limitations was presented to the jury.

Action by Howard A. Martin against Spencer E. Platt and others, as executors of William H. Platt, deceased, for services as an accountant. Defendants denied that they had employed plaintiff, or had authorized their attorney to employ him, as such accountant. There was a verdict for plaintiff, and defendants move for a new trial. For former reports see 4 N. Y. Supp. 359; 5 N. Y. Supp. 862; 7 N. Y. Supp. 950; 8 N. Y. Supp. 932.

*Edward C. Clinch* and *George C. Coffin,* for plaintiff.    *William J. Wilson,* for defendants.

INGRAHAM, J. This action was tried at circuit before Mr. Justice ANDREWS and a jury. One question of fact was submitted to the jury, and that question was decided adversely to the defendants. After the verdict of the

jury was rendered, the exceptions taken by the defendants were ordered to be heard in the first instance at the general term, and judgment on the verdict was in the mean time suspended. The bill of exceptions was duly settled, and the exceptions brought on for argument. The general term subsequently overruled the exceptions, and ordered judgment upon the verdict, which judgment was duly entered on April 22, 1889. The defendants subsequently made a motion for a new trial upon the ground of newly-discovered evidence, which motion was denied. The defendants then procured a case to be settled by the justice who tried the case, and on May 14, 1890, noticed this motion for a new trial upon the case as made.

Under section 1002 of the Code, it is provided, where the motion is "founded upon an allegation of error in a finding of fact or ruling upon the law made by the judge upon the trial," a motion for a new trial cannot be made, "unless notice thereof be given before the expiration of the time within which an appeal can be taken from the judgment." The exceptions taken by the defendants upon the trial having been disposed of by the general term, this motion, having been made after the time to appeal from the judgment had expired, cannot, under the section above cited, raise any question as to the ruling upon the law, or an error in a finding of fact made by the judge upon the trial. The only ground upon which this motion can now be made is that the verdict of the jury was against the weight of evidence. Such a motion appears to be recognized by section 1006 of the Code, and I know of no provision that requires it to be made at any particular time. Such a motion, however, must apply only to the question submitted to the jury and determined by it. At the close of the case the defendants moved for a.direction of a verdict in their favor on the ground that the claim was barred by the statute of limitations. That motion was denied by the trial judge, and to that denial the defendants excepted. That exception was one of the questions presented to the general term, and overruled by it.

The only question submitted to the jury was whether the agreement upon which the action was based was really intended to be binding in favor of the plaintiffs and against the defendants; and the court instructed the jury that if they believed that the plaintiff was employed by William R. Martin and rendered services as an accountant in the case of *Platt* v. *Platt* during the years 1873 to 1877, and that in 1879 the executors executed the paper which has been put in evidence, as an adjustment of the plaintiff's claim, and as a valid and binding agreement between themselves and plaintiff, they should render a verdict for the plaintiff for the amount of $7,000, with interest; but that if they believed, on the other hand, that the paper was executed upon the agreement that it should be used to borrow money on, and, if money was not obtained upon it, that it should be destroyed, and that it was to be for no other purpose, then they should render a verdict for the defendant; and that question of fact the jury found against the defendant by their general verdict in favor of the plaintiff. It is not contended on this motion that as to that question of fact the verdict was against the weight of evidence, so that the court would be justified in granting this motion. The defendants claim, however, that the court should have dismissed the complaint on the ground that the statute of limitations had run against the claim; that there was no evidence that would justify a finding by the jury that the statute had run. But no such question was submitted to the jury. As to whether or not the statute had run was a question which, by acquiescence of both parties, was submitted to the court, and upon that question the court decided in favor of the plaintiff, and to that decision the defendants excepted; and that question, as to whether or not the court correctly ruled in deciding that motion, was one of the exceptions that were presented to the general term and overruled. That question cannot, therefore, be presented on the application to set aside the verdict of the jury as against the weight of evi-

dence, when no question of fact upon which the ruling of the court as to the statute of limitations was made was presented to the jury. Motion for new trial must therefore be denied, with costs.